WASHINGTON AND TURNER *vs.* OGDEN.

1. Where a written agreement for the sale of lands, executed and sealed by vendor and vendee, binds one party to make a deed for the property, and the other to pay a certain sum, part in cash, within sixty days, and the remainder in annual instalments, with a bond and mortgage for the deferred payments, the covenants are concurrent and reciprocal, constituting mutual conditions to be performed at the same time.

2. The vendor, in such a case, is not bound to convey, unless the first instalment be paid, nor is the purchaser bound to pay unless the vendor is able to convey a good title free from all incumbrances.

3. Where the agreement to purchase is expressly made dependent on the "surrender and cancelment" of a former agreement of the vendor to sell the same land to another person, it is a condition precedent, that the former agreement shall be cancelled and surrendered.

4. Where the words of the covenant on the part of the vendor are, that

he will "make a deed" for the property, there is a covenant that the land shall be conveyed by a deed from one who has a good title and full power to convey.

5. A plaintiff who sues upon an agreement containing such a covenant must aver and prove, not merely his readiness to perform it in the words of the contract, but that he had a good title which he was ready and willing to convey by a legal deed.

6. The want of such an averment in the declaration will not be cured by the verdict upon the presumption that the facts necessary to support it have been proved before the jury, if it appears by the record that no such proof was offered.

7. Where the terms of an agreement make the sale of land dependent upon the cancellation and surrender of a previous agreement with another person, the acquiescence of the former vendee or his assigns, or the mutual understanding of all parties interested in the former contract that it shall be regarded as at an end, is not equivalent to a surrender and cancellation of it.

8. Acquiescence expressed by parol and mutual understanding that a title shall be released cannot be made a substitute for a deed of release or surrender; executed and recorded deeds, under seal, can be surrendered and cancelled only by other deeds under seal.

9. An objection to the form of the action or other defect in the pleadings will not be noticed in this court, when it appears from the undisputed facts of the case that the plaintiff is not entitled to recover in any form of action.

Writ of error to the Circuit Court of the United States for the northern district of Illinois.

This suit was originally brought in the Superior Court of Cook county, Illinois, but removed thence to the Federal Circuit Court upon the petition of the defendants and proof that they were both citizens of Virginia, while the plaintiff was a citizen of Illinois.

The plaintiff filed his declaration in debt, claiming a right to recover the sum of thirty-five thousand dollars, being the amount payable and due on the paper copied by Mr. Justice *Grier* in his opinion, with interest thereon from the expiration of sixty days after the date of the paper, to wit, 20th July, 1859. The declaration describes fully the property which

Washington and Turner agreed to buy from Ogden, and which is designated in their agreement merely as the property described in the John S. Wright contract of June 4, 1855. The *narr.* further avers that the contract with Wright (to whom the same land had been previously sold by the plaintiffs) was surrendered and cancelled, and that the plaintiffs were *ready at all times to make a deed to the defendants* for the property sold.

The defendants demurred first, and the declaration was amended. Then pleaded thirteen pleas, craving oyer four times of the paper on which suit was brought, and which was fully set out in plaintiff's declaration. The plaintiff demurred to some of the pleas, and some of the demurrers were sustained and some overruled. The pleadings were at length settled so as to raise the questions—

Whether the plaintiff was ready and willing to perform his part of the contract by making the proper conveyance to the defendants of the lands described in the agreement.

Whether the contract previously made with Wright for the sale of the same lands was surrendered and cancelled within sixty days, agreeably to, the terms of the contract between the present parties.

Whether it was necessary that Wright should release his title by a written deed.

Whether the plaintiff, in demanding securities for the deferred payments, which he had no right to ask, absolved the defendants from the obligation of tendering the thirty-five thousand dollars now sued for.

Evidence on both sides was given, documentary and oral. The court decided the points of law and the jury found the facts in favor of the plaintiff, for whom a verdict and judgment were rendered for debt and interest, amounting to $36,481 66.

The defendants thereupon took this writ of error.

*Mr. Arrington*, of Illinois, for plaintiffs in error. The declaration is fatally defective. It alleges no title in Ogden, nor any right to convey, but merely his readiness to deliver a deed. The contract was an agreement to sell land, and that implies transmutation of property from one man to another. 2 Black-

stone, 446; *Williamson* vs. *Berry*, (8 Howard, 544;) *Thomas* vs. *Van Ness*, (4 Wendell, 549.) A deed might be executed without conveying any title. The declaration should have averred title in Ogden and a readiness to execute such a deed as would be effectual to transfer that title. 1 Chit. Pl., 327; *Thomas* vs. *Van Ness*, (4 Wendell, 549;) *Glover* vs. *Tuck*, (24 Wendell, 153;) *Tyler* vs. *Young*, (2 Scam., 146;) *Burn* vs. *McNulty*, (2 Gilman, 128.) You cannot compel a vendee to take a lawsuit instead of the land. *Bank of Columbia* vs. *Hagner*, (1 Peters, 455.) Performance must always be alleged according to the intent of the contract. It is not sufficient to follow merely the words. 1 Chit. Pl., 325.

The declaration does not allege notice to the defendants of the surrender and cancellation of the Wright contract, and this being a matter peculiarly within the knowledge of the vendor, should have been stated. 1 Chit. Pl., 328; Com. Dig., C. 73, 74; 2 Pars. Cont., 182. These defects in the declaration are not aided by the verdict. 1 Chit. Pl., 673; *Dodson* vs. *Campbell*, (1 Sumner, 319;) *Addington* vs. *Allen*, (11 Wendell, 375.)

The court below assumed that a bare declaration by the plaintiff that Wright's contract was forfeited would be legally equivalent to a surrender and cancellation of it. This was clearly erroneous, and misled the jury. *Caldwell* vs. *United States*, (8 Howard, 366;) *Tucker* vs. *Moreland*, (10 Peters, 58;) *United States* vs. *Beitling*, (20 Howard, 254.)

The court said that if it was the agreement and understanding of all parties in interest that the contract was at an end, then it might be regarded as substantially surrendered and cancelled. This statement tended to mislead the jury, whether as a rule of law it was true or false, for there was no evidence of any such understanding or agreement.

An error still more extraordinary is found in the sentence that "the offer of the property for sale and a declaration of forfeiture after default of payment might be sufficient as showing the exercise of the option on the part of the grantor." It is true that in *Chrisman* vs. *Miller*, (21 Ill., 226,) it was held that the mere act of offering the land for sale after default of the purchaser is sufficient to put an end to the contract. From

this the judge of the Circuit Court deduced the startling inference that the mere offer of Ogden to sell the land to Washington and Turner was, *per se*, a performance of his covenant with them to have the contract with Wright surrendered and cancelled. The surrender and cancellation of Wright's contract was a condition precedent to that which Ogden made with Washington and Turner, and the court had no right to estimate either the importance or necessity of a compliance with it.

*Mr. Fuller*, of Illinois, and *Mr. Carlisle*, of Washington city, for defendants in error. In actions against a purchaser on a contract for the sale of land, the plaintiff is not bound to show that he has title to the land. The contract admits at least *prima facie* his title, and the *onus* is on the defendant to show that he has not. *Bretthauph* vs. *Thurmand*, (3 Richardson, 216;) *Brown* vs. *Bellows*, (4 Pickering, 179;) *Dwight* vs. *Cutler*, (3 Mich., 566;) *Espy* vs. *Anderson*, (14 Penn., 311.)

Under the Wright contract, neither Wright himself nor his assignee had any interest or estate in the premises, and could acquire none, except by complying with the terms of it. This had not been done; and Ogden had a right to treat the contract as at an end. He exercised that right by selling the property to the defendants. Wright and his assignee, Clapp, both knew this, and acquiesced in it. This was a complete surrender and cancelment of the contract. *Chrisman* vs. *Miller*, (21 Ill., 227;) *Steele* vs. *Bigg*, (22 Ill., 643.) Although the contract was not released of record, that formed no valid objection to the title, as was decided in *Greenleaf* vs. *Queen*, (1 Peters, 138;) *Espy* vs. *Anderson*, (14 Penn., 308.)

The duty of defendants was to pay the money sued for, and execute bonds and mortgage. No notice from the plaintiff was required. The averment of the plaintiff's readiness to perform his part of the contract was sufficient. 1 Chit. Pl., 326; *Rowsen* vs. *Johnson*, (1 East., 208;) *Tierney* vs. *Ashley*, (18 Pickering, 546;) *West* vs. *Emmons*, (5 Johnson, 179;) *Williams* vs. *Bank of United States*, (2 Peters, 96.) A time and place being fixed for the performance by the defendants of their part of the contract, and they not having attended, and the first act

of performance resting on them, the plaintiff could do nothing but be ready to perform his part. In the absence of the defendants, he could do no more. The averment of readiness to perform is sufficient, especially after verdict. 1 Chit. Pl., 359.

Mr. Justice GRIER. The very numerous exceptions to the sufficiency of the pleadings, and the correctness of the instructions given by the court, all depend on the construction given to the covenants of the agreement, which is the foundation of the suit. It is in the following words:

"CHICAGO, *June* 20, 1859.

"We will give M. D. Ogden, trustee Chicago Land Company, sixty-seven thousand and five hundred dollars for the property described in the John S. Wright contract with the trustees of the Chicago Land Company, dated June 4, 1855, or thereabouts, and pay for the same as follows: thirty-five thousand in cash within the next sixty days, and the balance in one, two, and three years, in equal instalments, with six per cent. interest, payable annually. It is understood that it is all payable at the office of Ogden, Fleetwood & Co., in Chicago. In the event of our being deprived of the water front on block 35, Elston's addition to Chicago by Robins, a difference in the purchase-money shall be made, corresponding to the value of the property lost. The said M. D. Ogden, trustee, &c., agrees to sell to John A. Washington and Wm. F. Turner, both of Virginia, the above described property for the said sum of sixty-seven thousand five hundred dollars, payable as above; and on the payment of the said thirty-five thousand dollars cash, within the next sixty days, he will make a deed to said Washington and Turner for said property, and take a bond and mortgage on the same, for payment of the balance of thirty-two thousand five hundred dollars, to be paid as above stated. This agreement is to be dependent on the surrender and cancelment of said contract with said Wright."

It is evident that the covenants of this contract are not independent. They are concurrent or reciprocal, constituting mutual conditions to be performed at the same time. The vendor is not bound to convey, unless the money due on the first in-

stalment be paid; nor is the purchaser bound to pay unless the vendor can convey a good title, free of all incumbrance. The agreement shows that the vendor at that time was not able to give a satisfactory title, having a deed on record, by which he had covenanted to convey the same land to another. It is therefore made a condition precedent by this agreement, that this previous contract should be surrendered and cancelled. The declaration avers that the contract with Wright was surrendered and cancelled on the 28th day of June, and that the plaintiff has been ever ready and willing to receive the money at the time and place, and "*to deliver to defendants a deed of the property.*" But there is no averment in the *narr.* that the plaintiff had a good and sufficient title, free from all incumbrance, which he was ready and willing to convey. It is true, the words of his covenant are, "that he will make a deed" to his vendees on receipt of the first instalment. But the meaning of these words in the contract requires that the deed shall convey the land, and it is not sufficient to aver his readiness to perform, merely according to the letter of the contract. The performance must always be averred according to the intent of the parties. It is not sufficient to pursue the words, if the intent be not performed. The legal effect of a covenant to sell is, that the land shall be conveyed by a deed from one who has a good title, or full power to convey a good title.

A sale, *ex vi termini*, is a transfer of property from one man to another. It is a contract to pass rights of property for money. This defect in the declaration cannot be cured by the verdict, under a presumption that the facts necessary to support it have been proved before the jury, because it appears by the record that no such proof was offered to aid the insufficient averments of the declaration.

It appears, also, that the averment with regard to the surrender and cancelment of the contract with Wright, even if sufficiently pleaded, was wholly without proof to support it, and that the court instructed the jury that they might presume it without proof. It is clearly a condition precedent, without the literal performance of which the purchasers were not bound to pay their money. The vendor had, on the 4th of

June, 1855, covenanted to sell this land to John S. Wright, on payment of certain instalments. The vendors had reserved to themselves very stringent and unusual powers of declaring the contract forfeited in case of non-payment of the several instalments. John S. Wright, on the third of July, 1837, by his deed, conveyed all his right and title to the premises to Timothy and Walter Wright. This deed was recorded 13th July, 1837.

T. & W. Wright, on the 3d day of December, 1857, conveyed to James Clapp, and the deed was recorded on the 12th of December, 1857. These deeds could not be surrendered or cancelled by parol. Both the original and the record should have been cancelled and surrendered by act of the parties thereto under seal; if not by all, yet certainly by Clapp. This was not done. The plaintiffs in error had prepared their money. Their agent called on Ogden to obtain an abstract of the title, and a proper surrender or release of the outstanding title, and was instructed to prepare proper bonds and a mortgage. Ogden promised to attend to having a proper surrender executed, but none was shown or tendered to the agent; on the contrary, Ogden handed him a mortgage and notes to be sent to the purchasers to be executed by them. They refused to sign instruments in that form, and returned them to their agent. He returned them to Ogden, stating, among other reasons, that they expected a *proper release or surrender* of the outstanding title, and that in the absence of such a release Ogden could not make a good title nor give possession. A second mortgage and bonds were then drawn and sent to the purchasers by Ogden, which were also objected to, and another *promise* given, "that the *release should be attended to.*"

But no such deed of release or surrender was made, executed, or tendered to the purchasers within the sixty days. Clapp did not execute a release till after the 1st of September, which was antedated as of the 15th of August. On this evidence, which was uncontradicted, it was clearly the duty of the court to have instructed the jury that the plaintiffs below had not made out a case which entitled them to a verdict; on the contrary, the court instructed the jury as follows:

"2d. By the terms of the John S. Wright contract, if default were made in the payment of the instalment due in 1859, it was competent for the Messrs. Ogden, at their option, to declare it forfeited and at an end as a contract for conveyance, and the land might be granted to another. No release or conveyance in writing by Wright or his assignee was absolutely necessary in such case, in order to put an end to the contract to convey. Strictly speaking, Wright, having parted with his interest in the land to Clapp, had no power over the contract; but if he, with the acquiescence and consent of Clapp, after default of payment, delivered the contract to Mr. Ogden, and it was the agreement and understanding of all parties in interest that the contract was at an end, then it might be regarded as substantially surrendered and cancelled. That the offer of the property for sale, and a declaration of forfeiture after default of payment, might be sufficient, as showing the exercise of the option on the part of the grantor."

This instruction was excepted to by defendants. It was a very grave error to instruct the jury that the acquiescence of Clapp, and the mutual understanding of the parties to that transaction, might be regarded by the jury as an actual cancellation and surrender as between the parties to this suit. Acquiescence expressed by parol, and mutual understanding that a title should be released, cannot be made a substitute for a deed of release or surrender, executed and recorded. Deeds under seal can be surrendered and cancelled only by other deeds under seal. No prudent man would accept a title with full notice on record, and knowledge of such an outstanding title. This contract, by its plain terms, is "dependent on such surrender and cancelment being made within the sixty days." It is a condition precedent, without the performance of which, within the term specified, the purchaser had a just right to declare the contract annulled. To entitle the plaintiffs below to recover in this suit, the declaration should have averred that such deeds of surrender and cancellation had been duly executed; that the plaintiff had a perfect title, free of all incumbrances, and was able as well as willing and ready to convey a good title to the plaintiff on the day named in the agreement.

But he was not able to prove such averments, if they had been made, and his case failed both in its pleadings and its proofs; consequently there was error in ruling the demurrers of the plaintiff to the 4th, 6th, and 7th pleas of defendant in favor of plaintiffs. The pleas alleged proper matters of defence to the suit, either in whole or in part. They were sufficient on general demurrer, which goes back to the first error in pleading. And from what we have already said, the first error in pleading is found in the declaration. It is not necessary to discuss more at large the form of the pleadings, or whether the action should not have been convenant and not debt, as the plaintiff was not entitled to recover in any form of action, according to the undisputed facts in evidence.

*The judgment of the Circuit Court reversed, and venire de novo.*