FRANCIS JOSSE'S ADM'R, Respondent, *v.* SOCRATES NEWMAN, Appellant.

*Contract — Condition.* — A party contracting with an outgoing tenant to pay for the improvements, in case he shall obtain a lease, is not liable upon his contract unless he obtain a lease of the premises.

### *Appeal from St. Louis Circuit Court.*

This suit was instituted by Francis Josse against Newman, and during its pendency Josse dying, his administrator was made a party. It is brought to recover the sum of two hundred and twenty-five dollars on this agreement:

" It is mutually agreed between Francis Josse, of the one part, and Soc. Newman, of the other part, that the said Soc. Newman hereby agrees to pay said Francis Josse two hundred and twenty-five dollars ($225) for his improvements on a lot on Second street, between Pine and Olive streets, belonging to the Mullanphy Fund. The conditions upon which said Newman agrees to pay said sum of two hundred and twenty-five dollars ($225) are, first, that the said Newman becomes the lessee from the Mullanphy Fund trustees of said lot, and also, that in case said Newman should get such lot on a lease of said trustees, then in that case the said Francis Josse shall pay all taxes due on said lot up to the present time (city, county, State, and all special taxes). In the event of said Newman not being able to rent or lease said lot of ground from said trustees or commissioners, this agreement is null and void in all its parts.

" St. Louis, March 12, 1861.          SOC. NEWMAN.
                                       FRANCIS JOSSE."

The plaintiff called James M. Carpenter, who stated that he was the secretary of the Mullanphy Fund Commissioners, and as such had made out and tendered to defendant a lease, but to which the defendant objected on account of the valuation clause. Upon his refusing to accept of it, a new lease in the same terms was made to another party.

*Garesché & Mead*, for appellant.

*Davis, Evans & Davis*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

The contract obligated the appellant to pay respondent's intestate two hundred and twenty-five dollars for certain improvements, in the event that he should become the lessee of a certain lot from the Mullanphy Fund trustees, and that said intestate should pay up all taxes then due on the lot.

The evidence clearly shows that the appellant never became the lessee of the lot, but that the lot was leased to another person. The terms of the contract did not compel him to accept or receive a lease in the usual way that the trustees of the fund were making leases to others. Nothing is shown to justify the assumption that the contract was executed with reference to any custom or usage that prevailed with the trustees in leasing the property. The contract only became binding in case appellant should become lessee, and obtain the lot. He surrendered no right as to negotiating conditions in regard to an acceptance of the same. He made his proposition to the commissioners or trustees of the property for a lease of the lot. They refused to accede to the terms on which he proposed to rent, and then leased the same lot to another person. He was never lessee, and the liability under the contract never attached.

Reversed and remanded. The other judges concur.