## McLaughlin v. McAllister.

*(Circuit Court, W. D. Missouri, St. Joseph Division.* December 3, 1888.)

CONTRACTS—ACTIONS ON—PLEADING—CONDITIONS PRECEDENT.

A contract for the exchange of lands provided that each party should furnish complete abstracts, showing good and perfect titles. "In case either party cannot furnish abstracts, this contract is void." *Held,* that a petition, in an action for damages for non-performance, which failed to aver that defendant could furnish such abstract, was demurrable.

At Law. On demurrer to petition.
*Crosby, Rusk & Craig* and *H. S. Kelly,* for plaintiff.
*B. R. Vineyard* and *Woodson & Woodson,* for defendant.

PHILIPS, J. This case stands on demurrer to the following petition, after describing the citizenship of the parties:

"Plaintiff states that on the 9th day of March, 1888, plaintiff and defendant entered into a contract in words and figures following, to-wit:

"'KANSAS CITY, MO.

"'This contract of sale, made this 9th day of March, A. D. 1888, by J. W. McAllister, of St. Joseph, Mo., and M. H. McLaughlin, of Kansas City, Mo., witnesseth, that the said party of the first part has sold to the said party of the second part, for and in consideration of the sum of twenty-three thousand and fifty-five dollars ($23,055.00) all of the real estate, consisting as follows: Survey or sections 45, 47, 51, 53, 55, 57, 59, 61, 63, 65, 67, 69, 71, and 73, certificates number 745, 746, 747, 748, 749, 750, 751, 752, 753, 754, 755, 756, 757, and 758, situated in block number 213, in Presidio county, (now called Brewster,) Texas, all issued to the Texas and St. Louis Railway Co.; said tract consisting of 8,960 acres of land. The said second party, in payment of above-described property, has sold to said first party, for and in consideration of the sum of $26,340.00, all of lots number 1, 2, 3, 4, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21,

22, and nine feet off from north part of lot number five, all in block number 22, and lot number one in block number six, lot number five in block number one, (1,) all in Independence Heights addition to the city of Independence, Jackson county, Mo., as the same are marked and designated on the recorded plat thereof in the office of the recorder of deeds for said county at said city of Independence; the said lots consisting of 878 front feet, and are sold subject to a mortgage incumbrance now existing thereon in the aggregate amount of three thousand and eighty dollars, this being the proportional amount embraced in a certain deed of trust, executed by Charles W. Freeman and wife, dated the 27th day of April, A. D. 1887, in favor of J. C. Carpenter, due in one, two, and three years, with release clause, which said sum, with interest at 8 per cent. from the 27th April, 1887, the party of the first part assumes and agrees to pay as part purchase money herein. (Each party agrees to furnish a complete abstract of properties, with certificates as to judgments in the various courts, showing good and sufficient titles thereto, and to be free and clear in every respect, except as above stated, to complete the transfer of proper deeds for same as soon as the titles thereto are satisfactory, and within fifteen days from date, unless longer time should be required to furnish abstracts, in which case as soon thereafter as possible. In case either party cannot furnish abstracts, this contract is void.)

"'In witness whereof the said parties have hereunto affixed their signatures in duplicate the day and date above first mentioned.

"'J. W. McALLISTER.<br>"'M. H. McLAUGHLIN.'

"Plaintiff states that he has done and performed all the conditions of said contract on his part to be performed, and that he did, within and at the time in said contract provided, furnish the abstract and certificates of judgments by him to be furnished, and did make, execute, and tender to said first party, the defendant herein, a good and sufficient warranty deed for the property to be conveyed by him to said first party, subject only to the incumbrance mentioned in said contract, and therein assumed by said first party. Plaintiff states further that defendant refused to accept said warranty deed, and to perform the terms and conditions of said contract on his part to be performed, and that he, the defendant, refused, has continued to refuse, and still refuses to perform said contract, and to convey said Texas lands to the plaintiff, although often requested so to do. Plaintiff states that, by reason of defendant's said refusal and failure to keep and perform said contract, the plaintiff has been damaged in the sum of twenty-three thousand dollars, for which he asks judgment and for costs."

The grounds of the demurrer are: (1) Because the petition does not state facts sufficient to constitute a cause of action; (2) because the petition shows that the contract sued on was to be void, provided defendant could not furnish plaintiff an abstract of title to the land mentioned in the contract, showing title to said land in defendant clear of all incumbrances; and the petition does not aver that defendant could furnish such abstract.

Looking at the contract in its entirety, it is manifest the parties contemplated the transfer of the respective parcels of land by mutual warranty deeds conveying a good title. In other words, it contemplated, for the proper execution of the contract, that each party must have a good title to the lands to be transferred by him, and that he would convey such title. This is the recognized rule of law. *Washington* v. *Ogden*, 1 Black, 450; *Wellman* v. *Dismukes*, 42 Mo. 101; *Thompson* v. *Craig*, 64 Mo.

312. This is at once obvious from the expressed stipulation in the contract:

"Each party agrees to furnish a complete abstract of properties, with certificates as to judgments in the various courts, showing good and sufficient titles thereto, and to be free and clear in every respect, except as above stated, to complete the transfer of proper deeds for same as soon as the titles thereto are satisfactory. * * * In case either party cannot furnish abstracts, this contract is void."

The abstract named in the last clause is clearly to be referred to the preceding part of the paragraph, which defines it to be "a complete abstract of properties, with certificates as to the judgments in the various courts, showing good and sufficient title thereto, and to be free and clear in every respect, except as above stated." The contract is executory, and its consummation by mutual deeds of conveyance is made to depend upon the fact whether or not both parties had a good title to be conveyed by a deed of warranty, without liability to an action for breach of covenant. The abstracts to be furnished were to evidence the existence of the required title. In determining the true scope and office of the last clause in the foregoing paragraph we are to look to the whole section, and every part thereof. Among the recognized canons for the construction of statutes and contracts is the following:

When the expression is special or particular, but the reason general, the special shall be deemed general; and the reason and intention of the law-giver will often control the strict letter of the law, to avoid injustice, contradiction, or absurdity; and when the intention is ascertained from the whole instrument, it will prevail over the literal sense of the terms. *In re Bomino's Estate*, 83 Mo. 441; *loc. cit.*

Thus viewed, the common sense of the contract in question was that, if either party should not have such perfect title to the land agreed to be conveyed by him, the contract "is void" *ab initio*, and no liability could arise thereon. The last clause of the contract is in the nature of a proviso. It provides for a contingency, not to be created, but which, if it exists, should void the whole transaction or compact. Reduced to its actual substance, the undertaking on the part of the defendant was, if the plaintiff should be able to show by his abstract the required title in him, then the correlative obligation of the defendant arose to convey to plaintiff, provided the defendant could furnish such abstract, and not otherwise. If this be the correct construction of the import of the contract, it logically follows that the proviso is of the nature of a condition precedent, and, as such, the happening of the contingency, or the ability of the defendant to furnish such abstract, should be averred by the plaintiff as a fact constitutive of the cause of action. 1 Chit. Pl. (16th Ed.), 329, states the rule thus:

"When the consideration of the defendant's contract was executory, or his performance was to depend on some act to be done or forborne by the plaintiff, or on some other event, the plaintiff must aver the fulfillment of such condition precedent, whether it were in the affirmative or negative, or to be performed or observed by him or by the defendant, or by any other person, or must show some excuse for the non-performance."

See, also, *French* v. *Campbell*, 2 H. Bl. 178; *Bruen* v. *Ogden*, 18 N. J. Law, 126; *Pier* v. *Heinrichoffen*, 52 Mo. 336; *Josse* v. *Newman*, 38 Mo. 43, 44; *Dinsmore* v. *Livingston Co.*, 60 Mo. 244.

We do not controvert the rule that, when the plaintiff alleges a condition subsequent to his estate or right, he need not aver performance, but the breach must be shown by the defendant; and that matter in defeasance of the action, "and wherever there is a circumstance the omission of which is to defeat the plaintiff's right of action, *prima facie* well founded, whether called by the name of a 'proviso' or a 'condition subsequent,' it must in its nature be a matter of defense, and ought to be shown in pleading by the opposite party." 1 Chit. Pl. 246. But as said by Lord TENTERDEN in *Vavasour* v. *Ormrod*, 6 Barn. & C. 430:

"If an act of parliament, or a private instrument, contain in it, first, a general clause, and afterwards, a separate and distinct clause, something which would otherwise be included in it, a party relying upon the general clause in pleading may set out that clause only, without noticing the separate and distinct clause, which operates as an exception. But if the exception itself be incorporated in the general clause, then the party relying upon it must in pleading state it with the exception, and if he state it as containing an absolute, unconditional stipulation, without noticing the exception, it will be a variance."

Likewise is it a settled rule of pleading that if, in the same section of a statute which gives the right of action, the exception thereto is contained, and its negation is essential to a recovery, the petition must be so framed as to clearly show that the defendant is not within the exception. *Williams* v. *Hingham*, 4 Pick. 347; *Russell* v. *Railroad Co.*, 83 Mo. 511. The instrument of writing here, containing the general terms for a mutual transfer of lands, contains in its very body the conditions upon which the transfer is to be consummated, to-wit, that the parties shall be able to furnish certain abstracts of title showing certain facts, and, if either party is unable to do so, the contract "is void." As no liability was created on defendant's part, unless he had such title, and should fail to furnish the abstract thereof, and execute proper deed, it does seem to me that it is within the very spirit of the contract that the pleader should negative the fact which was to exempt the defendant; or, in other words, aver the facts to exist which created the obligation to execute the contract.

Here are two parties at Kansas City, Mo., negotiating respecting the exchange of large parcels of land situated in the state of Texas, and a number of lots situated in a platted addition to the city of Independence, Mo. The plaintiff is a citizen of the state of Ohio. As neither party was willing to conclude the sale without evidence of a perfect title, and, as reasonably to be inferred, neither party was willing to hazard the liability incident to the execution of a deed with covenants of title that might be broken the instant the deed was delivered, they expressly made the entire transaction to depend upon their ability to show a clear title; and, if they could not, the contract was void. Therefore it would logically follow that, when either party seeks to show a breach of the contract

by the other, he should show by his declaration that the contingency existed upon which the ability must arise.    In reaching this conclusion I have not been unmindful of the recognized rule of pleading that a party is not required to anticipate, notice, and remove in his declaration every possible exception that may exist, and which the adversary might interpose as a defense; nor the other rule, that a fact more especially within the possession and knowledge of the defendant ought, generally, to be brought forward by him; and, as an incident of this suggestion, that the position assumed by the demurrer would throw upon the plaintiff the burden, in the first instance, of showing the defendant had such title as the contract called for.    It is a sufficient answer to say that, when the undertaking of the party sought to be charged is by the contract made to depend upon a condition precedent, no matter how improbable or unreasonable the condition, nor whether it is to be performed by the plaintiff or some other party over whose action the plaintiff has no control, and no power to coerce, the defendant has the right to stand by the letter of his bond; and as to anything more or less, of substance, he can answer, *In hoc foedere non veni.*    Nor is it exact to say that the plaintiff is thus required to prove a negative.    He is simply required to aver, in effect, that defendant agreed to convey to him certain lands on condition that he could show by abstract a good title thereto.    He had failed and refused, etc., to perform.    It is an affirmative fact alleged; and the proof respecting title to real estate is largely accessible to all.

In *Bruen* v. *Ogden, supra*, the contract in suit contained various stipulations; among them, that defendant should proceed to Texas as soon as convenient, and select lands on which to locate a grant; that he would procure from the goverment a deed or title for the lands when located; that he would pay plaintiff for one-half of the original grant in nine months; and that, if from any cause the government of Texas should prevent the location of said grant, or the passing of said title, the defendant would purchase of plaintiff said grant, and pay him $6,000 for the same.    The averments of the petition were that defendant did not pay the said $3,000; that he did not proceed to Texas and select the grant; and that he did not procure a deed to be made to the same; by means whereof he became liable to pay plaintiff the said sum of $6,000. It will be observed that the petition did not aver that the government of Texas did prevent a location of the grant and passing the deed of title. The court held this provision of the contract to be a condition precedent, and said: "To make out any cause of action it must be averred and shown that said government did prevent said location, etc., in the words of the condition, or according to their legal effect;" and that the want of such averment was fatal to the action.    It might with as much propriety there as here have been objected that whether or not the state of Texas prevented the location and transfer of title was a matter more peculiarly within the knowledge of the defendant, as it was within the contemplation of the contract that the duty of proceeding to Texas, and examining into these facts, and securing the location, should devolve on the defendant, and therefore he should know the facts, and be able read-

ily to show them. But the letter of the contract made his liability depend upon the fact of such prevention by the Texas government, and it should be averred and proved by the plaintiff.

It is not necessary, in determining this demurrer, to discuss what character of defect in the defendant's title would excuse him from performance, nor what effort, if any, he should have made to cure any defect. That matter would be more properly considered and determined at the trial on the merits. Nor does the court feel called upon here to consider the suggestion made by counsel for plaintiff, that plaintiff might be willing to accept such title as the defendant might have in satisfaction of the bond. No such question is presented by the pleading. On the face of the petition it is bad; and the demurrer is sustained, with leave to plaintiff, on payment of the costs of this demurrer, to file an amended petition within 30 days from the filing of this opinion herein, and leave to defendant to plead thereto on or before the 1st day of February next.