The action was continued nisi for advisement, and the opinion of the Court delivered the next week, at Plymouth, by
Parsons, C. J.
By the condition of the bond declared on in this action, the defendant was obliged to tender to the plaintiff the deed therein described, within a reasonable time after the notes were paid, in order to save the penalty. It appears from the plaintiffs replication, that the notes were paid on the 7th of June, 1806, and from the plea in bar that the defendant tendered the deed on the 9th of September following. But the plaintiff admits in his replication a tender of a deed on the same day when he paid the notes. [ * 497 ] If the deed thus tendered * was a deed agreeable to the condition of the bond, the defendant must have judgment. Or if it was not, yet if the tender, made by him on the 9th of September after, was an offer to perform the condition of the bond, according to its true intent, in this case also, the defendant must have judgment.
The deed described in the plaintiff’s replication differs in form, in the description of the acres, from the bounds recited in the condition. It is not mentioned to be part of lot No. 108, situate in the fifth mile west of Kennebeck river, but it may be part of any lot of that number on the west side of that river. It is bounded on two corners of the lot said to be distant about 364 rods; the corners will therefore be the boundaries, whatever may be their distance. It is to extend on the northerly line about 44£ rods. By this description the contents may be more or less than 100 acres. Further, in this deed are excepted any public masts that, may be on the land. But the land to be conveyed was 100 acres of land, part of lot No. 108 in Augusta, on the fifth mile west from Kennebeck river, without any exception of public masts. It certainly cannot appear from the description of the lands in the replication, that the tender was of such a deed as was required in the condition of the bond. Indeed it appears that the deed tendered was not a compliance with the condition of the bond. On this ground, therefore, the defendant must fail.
The deed, which he describes in his bar, was unquestionably such a deed as was intended to be given ; and the only question upon the *385 sufficiency of the bar is, whether the deed was tendered in a reasonable time after the notes were paid. The notes were paid on the 7th of June, 1806, and the deed was not tendered until the 9th of September following, more than ninety days after. It is therefore very clear, that this deed was not tendered within a reasonable time.
* But it has been argued for the defendant, that a tender [ * 498 ] at any time before action brought is sufficient in law to save the bond.
We are all of opinion, that this position is not correct. It will make the construction of the condition depend on the plaintiff’s delay in seeking his remedy at law; and certainly he must have a good cause of action, before he can legally commence one. His delay, therefore, cannot give the defendant a further time to perform the condition, which is to be ascertained from the terms agreed on by the parties.
Whether this tender can or cannot avail the defendant upon the hearing in equity, it is not proper now to determine. It appears to us that the replication is good, and that the penalty of the bond is forfeited at law.
The cause stood further continued for a hearing of the parties m equity, which was had at the following March term, in Suffolk. It appeared from the evidence, that the money due by the notes was not paid to the defendant in person in Augusta, where he lives, but was paid to his attorney in Taunton, upon an execution issued upon a judgment rendered for damages for the non-payment of'the notes : — that twenty days after, the defendant made and executed a deed of conveyance agreeably to the condition of the bond, and caused it to be tendered to the plaintiff at Dartmouth, by the middle of July following, when it was refused; but no objection was made to the tender as not being in season. This the defendant said was a performance, and as it was not pleaded through the mistake of his counsel, he prayed that it might be considered in equity, as reducing the penalty to damages merely nominal.
The fact, however, being denied by the plaintiff, the Court were of opinion, that as their equity jurisdiction arose, after it appeared at law that the penalty was forfeited, * an allega- [ * 499 ] tian, which was denied, but which, if true, would show the penalty not forfeited, ought regularly to be tried by the county, if such trial could be had; and that the trial in this case might be had by granting to the defendant leave to plead anew.
It was objected, that the deed thus tendered was not pursuant to the condition, because at the time of the tender, the land was en *386 cumbered by a mortgage, although it was paid off before action brought. .
Bidwell and TiUinghast, for the plaintiff.
By the Court. The validity of this objection depends on the condition, which required a conveyance of the land by a good and sufficient deed of warranty. The import of these words is confined to the form of the deed, and its execution, and not to the title (a) If the deed was of a proper form, and regularly executed, and the grantor was seised, so that the land was conveyed by it, the condition was in this case performed.
But the Court observed, that they did not mean to determine that in no case these words should be considered as applying to the title. If the money was to be paid on receiving the deed, it might be a reasonable construction, that a good and sufficient title should be conveyed; otherwise the purchaser might part with his money, not merely for the land, but for a lawsuit also. In the present case, however, the money was to be first paid, and the plaintiff might as well sue on the covenants in his deed, as on his bond. There was, therefore, no reason for giving a construction to the words not naturally implied by them.
The defendant had leave to plead anew, on paying the plaintiff his costs.

 If the grantor had previously conveyed the lands in mortgage, they could not pass by the second deed, but only the right in equity of redemption, and therefore the executing of the second deed was not a compliance with the condition of his bond, as it did not operate as a conveyance of the lands.