## Baxter Swan *versus* Joel Drury *et al.*

Where in a contract in writing for the sale of a farm, it was stipulated, that a part of the purchase money should be paid when the deed was ready and the residue in annual instalments, it was *held*, that the vendor could not claim payment of any part of the purchase money, until he had tendered to the vendee an unincumbered title to the farm ; and that it was not sufficient to tender a warranty deed, the farm being subject to a mortgage then due.

In an action by the vendor, upon such contract, parol evidence is inadmissible to prove, that, at the time when the contract was made, the vendee knew that the farm was subject to the mortgage, and that it was then agreed that the mortgage should remain thereon ; as such evidence tended to vary and contradict the terms of the written contract, and not to prove a subsequent waiver of exception to the vendor's title.

The vendor, in such case, having tendered a warranty deed of the farm, it was *held*, that the declarations of the vendee, made previously to the tender, that he should not insist on the removal of the incumbrance, were not to be deemed a waiver of exception to the title, unless, taken in connexion with what took place at the time of the tender, the whole evidence proved, that the vendee intended at that time to waive such exception ; for such declarations, being made without consideration, were not obligatory, it not appearing that the vendor acted on the faith of them or had been subjected to any damage or expense thereby.

Assumpsit on the following contract in writing, which was signed by Joel and John S. Drury, the defendants.

" This may certify, that I, Baxter Swan, have sold my home farm where I now live, this the twenty-eighth day of March, 1837, to Joel and John S. Drury ; also a pasture lying near the cherry farm, so called ; for which the said Drurys agree to pay the sum of three thousand dollars for the same ; also, the wood pile at the door. The said Drurys do agree to pay eight hundred dollars by undoubted notes when the deed is ready and made out for them ; the remainder to be paid, two hundred dollars a year, and interest. The said Drurys do agree, in case they do not have the farm as above mentioned, to forfeit and pay the sum of one hundred and fifty dollars on demand."

The declaration averred, that the plaintiff had tendered a deed to the defendants, but that they had refused to accept the same, and to make payment of the purchase money according to the terms of the contract.

The trial was before *Shaw* C. J.

It appeared in evidence, that on the 14th of April, 1837,

the plaintiff tendered to one of the defendants a deed of the farm &c. in question, with the usual covenants of seisin and warranty and covenant against incumbrances ; and that at the time of the contract, and also at the time of the tender of the deed, the land was subject to a mortgage for the sum of $1000, which was due to a Mrs. Jennison.

The plaintiff offered parol evidence to show, that at the time when the contract was made, the defendants knew of the existence of the mortgage, and that it was then understood and agreed that the mortgage should remain on the land ; but this evidence was not admitted, on the ground, that it tended to vary and alter by parol the terms of the written instrument, and because it was a different agreement from that declared upon.

The plaintiff also offered evidence to show, that at times previous to the tender of the conveyance, the defendants had said that they did not or would not insist on the removal of that particular incumbrance ; which he contended was a waiver of any exception to the deed on account of the existence of the incumbrance, and that he was thereby exonerated from any obligation to remove it before tendering the conveyance. This evidence was admitted for the purpose of explaining the acts and declarations, and showing the intentions, of the parties at the time of the tender of the conveyance ; but it was held, that parol declarations made previously to the time of the tender, would not amount to a waiver, unless, taken in connexion with what then took place, the whole evidence proved that the defendants intended at that time to waive such exception.

The jury were instructed, that, by the true construction of this contract, the tender of a deed by the plaintiff and the payment to be made by the defendants, were to be concurrent acts ; that before the plaintiff could demand payment, he was bound to tender a conveyance to the defendants of an unincumbered title to the farm ; that the tender of the deed in question, if the estate was incumbered with the outstanding mortgage, was not a compliance with the contract on the part of the plaintiff, and did not subject the defendants to the obligation to make payment ; unless, at the time of the tender. they

waived any exception on account of such incumbrance ; but that if the exception was then waived by them, they could not afterwards rely on it.

The jury returned a verdict for the defendants.

If these rulings and instructions, or any one of them was erroneous, the verdict was to be set aside and a new trial granted.

*Brooks*, for the plaintiff, to the point, that a contract to convey land is not necessarily to be deemed a contract to convey an unincumbered title thereto, cited *Aiken* v. *Sanford*, 5 Mass. R. 494 ; that if the plaintiff, relying on the previous declarations of the defendants, that they should not insist on the removal of the incumbrance, subjected himself to any trouble or expense, or pursued a different course from that which he otherwise would have done, such declarations became obligatory on the defendants, as a waiver of any objection on the ground of such incumbrance, *Train* v. *Gold*, 5 Pick. 384 ; *Gardner* v. *Webber*, 17 Pick. 413 ; and that there was sufficient evidence of a waiver in the present case, to bind the defendants, *Ward* v. *Winship*, 12 Mass. R. 481 ; *Montague* v. *Smith*, 13 Mass. R. 396 ; *Baker* v. *Mair*, 12 Mass. R. 121 ; *Frazier* v. *Cushman*, 12 Mass. R. 277 ; *Munroe* v. *Perkins*, 9 Pick. 298 ; *Borden* v. *Borden*, 5 Mass. R. 67 ; *Thresh* v. *Rake*, 1 Esp. R. 53 ; *Littler* v. *Holland*, 3 T. R. 590 ; *Cuff* v. *Penn*, 1 Maule & Selw. 21 ; *Keating* v. *Price*, 1 Johns. Cas. 22 ; *Livingston* v. *Delafield*, 1 Johns. R. 528 ; *Thompson* v. *Ketcham*, 8 Johns. R. 189 ; *Price* v. *Dyer*, 17 Ves. 357.

*Washburn*, for the defendants. By the true construction of the contract, the plaintiff could claim no part of the purchase money till he had tendered to the defendants a clear title to the farm. *Gazley* v. *Price*, 16 Johns. R. 267 ; *Wilde* v. *Fort*, 4 Taunt. 334 ; Sugden on Vend. (ed. of 1820,) 243, 244

The parol evidence, that the defendants knew of the existence of the mortgage at the time when the contract was made, and that it was then agreed, that the mortgage should remain on the farm, was incompetent, because it set up a different contract from that declared on ; *Pool* v. *Court*, 4 Taunt. 700;

*Swan*
*v.*
*Drury.*

*Oct. 1st.*

1 Chitty on Pl. 304 ; Roscoe on Evid. 43, 44 ; *Harris* v *Rayner*, 8 Pick. 542 ; and because it tended to prove a paro. contract varying from that in writing. *Atwood* v. *Cobb*, 16 Pick. 231 ; *Wakefield* v. *Stedman*, 12 Pick. 562. But if admitted, the evidence of a mere knowledge of the existence of the mortgage on the part of the defendants, would be of no avail to the plaintiff, if he agreed to give a clear tit e. *Hovey* v. *Newton*, 7 Pick. 29.

The offer to waive any objection on account of the incumbrance, was without consideration. Besides, it was a mere offer not acceded to by the plaintiff, and for this reason also not binding. *M'Culloch* v. *Eagle Ins. Co.* 1 Pick. 281. But if a contract had been actually made by parol, to waive such objection, it would be invalid under the provisions of the statute of frauds in relation to contracts for the sale of real estate. Roscoe on Evid. 136 ; Sugden on Vend. (ed. of 1820,) 63.

*Oct. 5th.*      WILDE J. delivered the opinion of the Court. This was an action of assumpsit on a written contract, whereby the defendants agreed to purchase of the plaintiff a certain farm and pasture, and to pay him therefor the sum of $ 3000, $ 800 to be paid by undoubted notes, when the deed should be ready and made out for them, and the remainder to be paid by annual instalments of $ 200, with interest. It was proved, that the plaintiff tendered to one of the defendants a deed of the farm &c. with the usual covenants of seisin and warranty and covenant against incumbrances, but it was also proved that there was a mortgage on the premises of $ 1000 then due to one Jennison ; and the defendants refused to receive the deed and execute the contract on their part. On this evidence the jury were instructed, that before the plaintiff could demand payment, he was bound to tender a conveyance to the defendants of an unincumbered title to the farm. And this instruction was clearly correct. The conveyance of the farm and the payment of the $ 800, were, by the terms of the contract, to be concurrent acts ; and the covenants or agreements of the parties were dependent. In all such cases, neither party can compel the performance of the contract by the other, without an actual performance of the agreement, or an offer to perform it, on his part. The agreement of the plaintiff was to convey the

farm, which must be construed as an agreement to convey a good title free from all incumbrances. The defendants were not obliged to trust to the plaintiff's covenants, or to make themselves liable to the payment of the mortgage, in advance, before the times of payment stipulated in his contract, or to be dispossessed of the premises by the mortgagee. There is a material distinction between the case at bar, and that of *Aiken* v. *Sanford*, 5 Mass. R. 494. In that case the condition of the bond was, to convey by a good and sufficient deed of warranty, and the deed was not to be given until after the payment of the purchase money. And the Court say, "that if the money was to be paid on receiving the deed, it might be a reasonable construction, that a good and sufficient title should be conveyed." That such is the law, we think very clear, according to all the authorities.

The exception, also, to the rejection of the parol evidence, cannot, we think, be sustained. The plaintiff offered to prove thereby, that at the time of the making of the contract, the defendants knew of the incumbrance on the farm by the mortgage to Mrs. Jennison, and that it was then understood and agreed, that the mortgage should remain thereon. This evidence would have had a tendency to vary and contradict the terms of the written contract, and had no tendency to prove a subsequent waiver of the exception to the plaintiff's title. It was therefore clearly inadmissible.

It only remains to be considered, whether the jury were correctly instructed as to the subsequent waiver of the exception to the plaintiff's title. The plaintiff introduced evidence tending to prove, that previously to the tender of the deed, the defendants had declared they should not insist on the removal of the incumbrance; and, on this evidence, the jury were instructed, that parol declarations thus made would not amount to a waiver, unless, taken in connexion with what took place at the time of the tender, the whole evidence showed that the defendants intended at that time to waive such exception.

The correctness of this instruction cannot be disputed, unless the defendants were bound by their previous declarations or promises. And we are of opinion, that they were not ob-

ligatory, as they were made without consideration. It does not appear that the plaintiff acted on the faith of these declarations, or that he has been subjected to any damage or expense thereby. The defendants therefore had a right, at the time of the tender, to insist on the plaintiff's compliance with the terms of the written contract.

*Judgment on the verdict.*