No. 2,195.

SAMUEL A. MORRISON, RESPONDENT, v. CHAS. L. LODS, APPELLANT.

PRACTICE. — SPECIFIC PERFORMANCE. — FINDINGS. — In actions for specific performance of contracts of sale, it is to the interest of the parties, at least the losing party, to have a written finding of the facts filed.

SPECIFIC PERFORMANCE. — RESCISSION OF CONTRACT. — A party to a contract cannot have it rescinded, without a previous offer to refund the money received on account of the contract.

IDEM. — RESCISSION OF CONTRACT. — FALSE REPRESENTATION. — A false representation by a party to a contract, will not entitle the other party to rescind or avoid the contract, unless he show, in addition, that he would be damaged by its performance.

FALSE REPRESENTATION. — DAMAGES. — A recovery cannot be had for a false representation without proof of damage.

APPEAL from the District Court of the Fourth District, City and County of San Francisco.

This action was brought to secure the specific performance of a written contract entered into by the defendant to convey to plaintiff's assignor the undivided half of a certain tract of land in the City of San Francisco. This tract of land was owned in fee simple by defendant and one Jacob Snyder, as tenants in common. On the 7th day of May, A. D. 1868, defendant and E. T. Steen entered into a written agreement, whereby defendant agreed to sell, and Steen agreed to purchase, the undivided half of said tract of land at the price of $1,250, in gold coin; and Steen thereupon paid a portion of the purchase money. Steen assigned the contract to plaintiff, who tendered the balance of the purchase money to defendant and demanded a deed, which defendant refused to execute, on the ground ·of false and fraudulent representations made by Steen at the time the contract was executed, and by reason of which he was induced to enter into the same. Defendant alleges, in his answer, that he then tendered the portion of the purchase money received on account of said contract and demanded the cancellation of the same; he therefore prays judgment that the said contract may be rescinded and cancelled.

*Winans & Belknap,* for Appellant.

If a party makes a material statement, not knowing

(T.)

whether it is true or false, and thereby misleads another to his injury, and induces him to sign a contract which he would not have otherwise made, such contract cannot be enforced, even though the party making the statement believed it to be true, if it afterwards proved to be false. (Story on Contracts, Sec. 506.)

The same rule which applies to a party acting by himself applies to a party acting through an agent; and a principal is responsible for the representations of his agent. (*Crump* v. *U. S. Mining Co.* 7 Grattan, 352; 1 Sm. L. Cas. Hare & W's Notes, 252–3; *Small* v. *Atwood,* 1 Young, 46; 6 Cl. & Fin. 232; *Miller* v. *Henderson,* 10 Serg. & R. 290; *Hain* v. *Kalbach,* 14 *Id.* 59; *Clark* v. *Partridge,* 2 Barr. 13.)

The case of *Fallen* v. *Wilson* (3 Q. B. 58) settles the question that legal without moral fraud invalidates a contract.

Judge Story says: "Even if the party innocently misrepresents a material fact by mistake, it is equally conclusive, for it operates as a surprise and imposition upon the other party." (Story on Contracts, Secs. 506–7, note 1; *Daniel* v. *Mitchell,* 1 Story, 173; *Daggett* v. *Emerson,* 3 Story, 732; *Glossel* v. *Thomas,* 3 Leigh. 113; *McFerran* v. *Taylor,* 3 Cranch, 270.)

A succinct statement of the rule is this: "If, upon a treaty for any contract, a man makes a false representation, *whether knowingly or not,* by means of which he puts the party bargaining under a mistake, upon the terms of the bargain, it is a fraud, and relievable in equity." (1 Madd. Ch. Pr. 2d ed. 262.)

As to the question of how important the thing misrepresented was to defendant, that is not measured solely or even mainly by the value of the land. (*Boyce's Exrs.* v. *Grundy,* 3 Pet. 220; *Harrison* v. *Roscoe,* 15 Mees. & W. 231; *Tufts* v. *Hays,* 5 N. H. 453; *Swartz* v. *Moore,* 5 Serg. & R. 257; *Gosling* v. *Birnie,* 7 Bing. 339; *Stevens* v. *Baird,* 9 Cowen, 274; *Wallis* v. *Truesdall,* 6 Pick. 455; *Hollister* v. *Johnson,* 4 Wend. 642; *Doe* v. *Oliver,* 3 Hawks. 479.)

In *Mitchell* v. *Reed* (9 Cal. 206) the Court says: "The particular intention with which the declaration, express or implied, was made, is not material. * * * It is the fact

that the declaration has been acted upon by others that constitutes the liability to them." (1 Greenl. on Ev. Sec. 208.)

*Gray & Haven*, for Respondent.

As to a misrepresentation by Steen, the most appellant can claim is, that there was a conflict in the testimony.

Under the settled rule of this Court, a new trial will not be granted upon the ground of insufficiency of the evidence to justify the decision where the testimony is conflicting. (*Kimball* v. *Gearhart*, 12 Cal. 27 ; *Wilcox* v. *Burton*, 27 Cal. 232 ; *Wilkinson* v. *Parrott*, 32 Cal. 102 ; *Doyle* v. *Sturla*, 38 Cal. 456.)

And "where there are no findings of fact in an action tried by the Court, all the issues of fact raised by the answer are deemed to have been found in favor of the party who recovers judgment." (*Buckland* v. *Swift*, 27 Cal. 433.)

To constitute a valid defense against the performance of a written contract on the ground of misrepresentation, five things must be made to appear, viz:

*First*—The misrepresentation must be as to a material thing affecting the contract.

*Second*—It must be in a case where the confiding party is authorized by the relations of the parties, to rely upon the statements of the other.

*Third*—The confiding party must have relied upon such statement in making the contract.

*Fourth*—The confiding party must have been misled to his injury in case the contract is executed or carried out.

*Fifth*—The misrepresentation must have been fraudulent as well as false. (Story's Eq. Jurisp. Sec. 191.)

*First*—The alleged misrepresentation in this case was of an altogether immaterial character. (*Hazard* v. *Irwin*, 18 Pick. 105 ; Story's Eq. Jurisp. Sec. 195.)

There being no findings filed, the Court will presume, in support of the judgment, that the Court below found the alleged misrepresentation to be of a fact not material to the contract. (*Buckland* v. *Swift*, 27 Cal. 423.)

*Second*—There was no such relation of trust and confidence existing between them and defendant, Lods, as to give

Lods any right to rely upon a statement made by them. (Story's Eq. Jurisp. Secs. 199–200 ; 2 Parsons on Contracts, 4th ed. 270.)

"A misrepresentation as to the legal effect of an agreement does not constitute such a fraud as will avoid the instrument, since every person is supposed to know the legal effect of an instrument which he signs, and therefore has no right to rely upon the statement of the other party." (*Lewis* v. *Jones,* 4 Barn. & Cress. 506 ; *Russell* v. *Burnham,* 8 Black. 277 ; *Starr* v. *Bennett,* 5 Hill, 303.)

"If the truth or falsehood of the representations might have been tested by ordinary vigilance and attention, it is the party's own folly if he neglects to do so, and he is remediless." (*Moore* v. *Teberille,* 2 Bibb. 602 ; *Saunders* v. *Hutterman,* 2 Iredale, 32; *Farrar* v. *Alston,* 1 Dev. 69; 2 Parsons on Contracts, 271, note 7 ; 2 Kent's Com. p. 485, side.)

*Third*—But a conclusive objection to this defense, founded upon alleged fraud, is, that if Steen *did* make a misrepresentation in regard to Snyder, and if Lods *did* act upon it, there is no evidence tending to show that Lods was thus misled *to his injury.* (2 Parsons on Contracts, 268 ; Story's Eq. Jurisp. Sec. 203; *Bacon* v. *Bunsen,* 7 Johns. Ch. 201; *Vernon* v. *Keys,* 12 East. 637.)

*Fourth*—While there is some diversity of authority upon the point, we think the weight of authority establishes the proposition that innocent misrepresentations cannot be proven to defeat a written contract. The subject of misrepresentations is ably treated in an article in Vol. III of the American Law Review.

*Fifth*—Another reason why the judgment in this case must stand is, that there is a conflict of evidence as to any offer by defendant to return the money paid by Steen to defendant at the time of the execution of the contract. (*Gifford* v. *Carvill,* 29 Cal. 594.)

RHODES, C. J., delivered the opinion of the Court, TEMPLE, J., and WALLACE, J., concurring.

In cases of this character it is to the interest of the parties—at least the losing party—to have a written finding of the facts filed. As to the tender by the defendant to the plaintiff, or his agent, of the money paid by the plaintiff's agent, at the time of the execution of the contract of sale, the evidence is conflicting, and the presumption in support of the judgment is, that the Court found that issue against the defendant. It is clear that the defendant cannot have a rescission of the contract without making such tender.

The evidence, in our opinion, clearly shows that the false representation set up in the answer, was made by the plaintiff's agent. This fact would be fatal to the decree for specific performance of the contract of sale, had the defendant shown that such false representation occasioned him any damage; that is to say, that he would have been injured by the performance of the contract. The only evidence in the record, upon which he might have relied to prove the damage—the receipt given by the plaintiff to Dewey—was excluded upon his objection. The rule is well settled that a recovery cannot be had for a false representation, without proof of damage. (*Pasley* v. *Freeman,* 3 T. R. 51; 2 Smith's L. C. 55; notes to same case.) It is equally well settled that a party to a contract cannot rescind or avoid the contract on the ground of a false representation made by the other party, unless he shows, in addition to the false represention, that he will be damaged by the performance of the contract. (1 Story's Eq. Sec. 203.)

Judgment and order affirmed.

By SPRAGUE, J. : I concur in the judgment.

By CROCKETT, J. : I dissent.