DAVID HEALY *vs.* MATTHIAS PFAU.

Bristol. Oct. 29, 1875. — March 4, 1876. MORTON & LORD, JJ., absent.

A bond for a deed of land recited that the obligor had agreed to sell and convey to the obligee certain land, the same to be conveyed by a good and sufficient warranty deed, and that the obligee agreed to pay therefor $1142, of which $100 was to be paid in cash "upon the delivery of this bond for a deed," and the remainder by six notes bearing even date therewith, the principal to be paid $200 each year and interest according to the tenor and effect of the notes; and provided that it should be void, if the obligor should, "upon tender by the obligee of the said cash and notes, and at any time when said amount is paid from this date, deliver unto the said obligee a good and sufficient deed as aforesaid." The bond and notes were all of the same date, the $100 was duly paid, and the notes given. *Held*, in an action upon the first note after its maturity, and to recover interest upon the other notes, that the defendant was only entitled to the deed on payment of the notes at or before their maturity, and that the action could be maintained without a previous tender of a deed of the land by the obligor.

CONTRACT upon a promissory note for $200, dated Fall River, June 12, 1873, made by the defendant, payable to the plaintiff one year from date, with interest at the rate of eight per cent., payable semi-annually, and to recover interest upon five other similar notes, payable respectively in two, three, four, five and six years from the same date. Writ dated November 21, 1874. The case was submitted to the Superior Court, and, after judgment for the plaintiff for $272.47, to this court on appeal, on an agreed statement of facts in substance as follows:

The plaintiff sold a parcel of real estate to the defendant, and gave to the defendant the following bond for a deed, signed by him and dated June 12, 1873:

"Know all men by these presents, that I, David Healy of Fall River, county of Bristol, and State of Massachusetts, am holden and stand firmly bound unto Matthias Pfau, of said Fall River, in the sum of twenty-five hundred dollars, to the payment of which to the said obligee or his executors, administrators or assigns, I hereby bind myself, my heirs, executors and administrators.

"The condition of this obligation is such that, whereas the said obligor has agreed to sell and convey unto the said obligee a certain parcel of real estate situated in Fall River aforesaid, and bounded as follows, namely. [Then followed a description

of the land.] The same to be conveyed by a good and sufficient warranty deed of the said obligor, conveying a good and clear title to the same, free from all incumbrances.

"And whereas, for such deed and conveyance, it is agreed that the said obligee shall pay the sum of eleven hundred and forty-two dollars, of which one hundred dollars are to be paid in cash upon the delivery of this bond for a deed, and the remainder by six notes of the said obligee, bearing interest at eight per cent. per annum, payable semi-annually, and bearing even date herewith, whereby the said obligee agrees to pay the said obligor said sum and interest. The principal to be paid, two hundred dollars each year, and interest as aforesaid, according to the tenor and effect of said notes.

"Now therefore, if the said obligor shall, upon tender by the said obligee of the aforesaid cash and notes, and at any time when said amount is paid from this date, deliver unto the said obligee a good and sufficient deed as aforesaid, then this obligation shall be void, otherwise it shall be and remain in full force and virtue."

The defendant gave the plaintiff for the said real estate one hundred dollars in money, and six promissory notes signed by him, but the plaintiff never gave or tendered to the defendant a deed of the land. The notes mentioned in the bond are the ones upon which the action is brought. The bond and notes were made at the same time, and the $100 was paid at or about the time of making the notes and bond.

If the court finds said action to be brought prematurely, and that a deed should have been tendered to the defendant before bringing said action, or that the consideration of said notes has failed, then judgment is to be for the defendant; otherwise for the plaintiff.

*W. H. Peirce*, for the plaintiff.

*H. K. Braley*, for the defendant.

AMES, J. The defendant insists that, by the terms of the bond, the plaintiff had no right of action upon the note declared upon, without having first delivered or tendered to the defendant a deed of the land which was the subject of the contract between the parties. It is not easy to give a sensible construction to an instrument so illiterate and obscure as the bond in which

the parties have undertaken to set forth the terms of their con tract. The bond given by one party, and the notes given and the payment made by the other, all were of the same date, and are agreed to have constituted one transaction. If the defendant is right in his claim that, upon the delivery of the notes and the payment of one hundred dollars, he was entitled to his deed, there was no occasion for a bond at all. In that view of the case, he had done all that he was required to do, in order to be entitled to the conveyance. He had bought the land on credit, and had given all the securities which he was required to give. Nothing remained for the plaintiff to do except to deliver the deed, and, having done so, to wait for the payment of the notes as they should come to maturity in regular succession. But the instrument is described on its face as a bond for a deed — a form of expression which imports that a deed is to be given at some future time, and that for some reason it is not to be delivered presently. We cannot give any sensible interpretation to the bond, or any rational explanation of the fact that it was given and accepted instead of a deed, except upon the assumption that the parties had it in contemplation that something remained to be done in the future, and that the delivery of the notes was not of itself to entitle the defendant to his deed. No deed was delivered by the plaintiff, and none was demanded or apparently expected by the defendant at that stage of their dealings ; and there is no apparent reason why he should have taken a bond for a deed, if he had in fact fulfilled the conditions upon which he was to have a present and immediate right to the deed.

Our conclusion therefore is, that the true meaning of the instrument, however awkwardly and imperfectly expressed, must be that the defendant was to have a bond for a deed, until he should have paid the notes ; and that whenever they were paid, whether at or before their maturity, it would be the duty of the plaintiff to execute the conveyance.     *Exceptions overruled.*