[No. 6,477.—Department No. 1.]

HAYNES v. WHITE ET AL.

VENDOR AND VENDEE—SALE OF LAND—FAILURE OF TITLE.—An agreement to sell land, and, upon the payment of the purchase-money, to execute a good and sufficient deed therefor, requires of the vendor to convey to the vendee the *title* to the land, and is not satisfied by the tender of a deed sufficient *in form*, when the vendor has, in fact, no title to convey.

ID.—ID.—ID.—CONTRACT—RESCISSION.—A vendee cannot maintain an action to recover his purchase-money from a vendor, who has failed to perform his contract, until he has been evicted, or has surrendered or offered to surrender the possession.

APPEAL from a judgment for the defendants, and from an order denying a new trial, in the Seventeenth District Court, County of Los Angeles. SEPULVEDA, J.

The facts are stated in the opinion.

*Barclay & Wilson*, for Appellant.

A contract for the conveyance of real property is satisfied only by a valid conveyance with good title. A tender of a deed sufficient in form to transfer the title the defendants had, at the date of the contract, will not satisfy the agreement. (2 Parsons on Cont. 656; *Jackson* v. *Ligon*, 3 Leigh, 161; *Richmond* v. *Gray*, 3 Allen, 25; Civ. Code, §§ 1729, 1731.)

This is not an action to rescind a contract, and the rules governing rescission have no application. The complaint sounds

in damages only, and is based on the fact that the contract has been performed by the plaintiff under §§ 1485 and 1682 Civil Code. (Bishop on Cont. §§ 675, 672, 686, 689; *Alvarez* v. *Brannan*, 7 Cal. 510; *Jones* v. *Post*, 6 id. 102; *Powell* v. *Sammons*, 31 Ala. 552; 2 Bay, (S. C.) 91; *Van Benthuysen* v. *Crapsen*, 8 Johns. 259; 3 Call, 326; Civ. Code, § 3306.) Plaintiff cannot resist the payment of the outstanding note. Under such circumstances he cannot safely restore the property; and the vendors have no right, while holding the proceeds of the note, to demand also the possession of the property, and to leave the purchaser to pay the note. (*Fraschieris* v. *Henriques*, 36 Barb. 282.) In this case to return or offer to return the property would be an idle ceremony, which the law will not require. (Civ. Code, § 3532; *Ladd* v. *Moore*, 3 Sandf. 589; *Perley* v. *Balch*, 23 Pick. 286.) In any case, the Court has power to do complete justice, under § 3408 Civil Code, in case defendants.are entitled to any return or compensation.

*R. M. Widney*, for Respondent.

The plaintiff has never accounted or offered to account for the rents, issues, and profits, and has never offered to restore the possession to the defendants. (*Norton* v. *Jackson*, 5 Cal. 262; *Jackson* v. *Norton*, 6 id. 187; *Reynolds* v. *Harris*, 9 id. 340; *Watts* v. *White*, 13 id. 324; *Kinney* v. *Osborne*, 14 id. 114; *Fratt* v. *Fiske*, 17 id. 380: *Morrison* v. *Lods*, 39 id. 381; Civ. Code, §§ 1689, 1691.)

Under § 1731 Civil Code, the deed is sufficient. There is nothing in the agreement binding the defendants to convey any other estate than they had when the agreement was made. The plaintiff knew what the title was.

Ross, J.:

This action, as the case is presented, cannot be maintained. The record shows that on March 1st, 1876, the defendants were in the possession of the land described in the complaint, by virtue of a contract for its purchase from one Robinson, who held the title to it. Upon the land there were then existing certain improvements, consisting of a house and an artesian well. On

the day named the defendants executed with plaintiff the contract in writing set out in the complaint, by which the defendants agreed to sell to the plaintiff, and the plaintiff to buy of the defendants, the land in question for the sum of thirty-six hundred dollars, to be paid as follows: One hundred dollars cash; nine hundred dollars on or before two months from the date of the contract; thirteen hundred dollars on or before one year from its date, and the remaining thirteen hundred dollars on or before two years from date. The defendants further agreed, that on receiving the payments at the time and in the manner stated—time being by the contract declared to be of its essence—they would execute to the plaintiff, or his assigns, a good and sufficient deed of the premises. There were, also, other covenants on the part of the plaintiff, not, however, material to be mentioned. At the time of the contract the plaintiff executed his promissory notes for the deferred payments, the last one of which, for some cause not explained, was made payable to the defendant White, or order. Upon the making of the agreement, the defendants placed the plaintiff in possession of the land, including the improvements, and he has ever since remained in possession, and has received the rents, issues, and profits of the premises to a large amount. He paid to the defendants all of the installments of the purchase-money except the last, namely, the $1,300, evidenced by the note made payable · to White or order. This note White transferred before maturity to the defendant Thomas, and Thomas transferred it, also before maturity, to one Steele, who held it when it became due. Plaintiff knew that Steele held the note, and while it was in his possession paid him interest thereon. When the last payment became due the plaintiff told the defendants that he was prepared to make it, and offered to them the money upon the condition that they convey to him the title to the property.

In view of the facts appearing in the record, we attach no importance to the finding that the plaintiff never offered to pay the note to *Steele*, nor to the findings in regard to the signing by the defendants of a deed "sufficient *in form*" to convey the title. The manifest effect of the contract, and the manifest intent of all the parties to it, was that in consideration of the plaintiff's money the defendants were to convey to him the title to

the land—not that they should go through the idle ceremony of executing a deed "sufficient *in form*" for that purpose, when they had, in fact, no title to convey.

The defendants failed to comply with the contract with Robinson, and the latter, prior to the commencement of the present action, commenced suit in the Nineteenth District Court against the present plaintiff and defendants, among others, for the purpose of annulling the contract held by defendants at the time of the making of the contract mentioned in the complaint, and for the purpose of recovering possession of the property. In the action thus commenced by Robinson, these defendants filed a disclaimer of any interest or estate in the premises. They failed to comply with their part of the contract here in question, for they did not and could not convey to the plaintiff the title to the property; and the plaintiff having complied in part, and offered to complete the performance of the contract on his part, it is clear, that had he surrendered or offered to surrender to defendants the possession of the property, he could have maintained an action against them. Instead of doing this, he retained the possession of all the property, and commenced this action to recover of the defendants "the sum of $26,012, the amount already paid by plaintiff on the purchase-money for said lands, and for the sum of $1,000 damages suffered by plaintiff, and for the further sum of $2,500 damages to cover loss of improvements and the promissory note made payable to White."

It would be clearly wrong to permit the plaintiff to hold the possession of the property which he received from the defendants, and which may ripen into a perfect title, and at the same time to recover back from the latter the purchase price; and it is well settled that it cannot be done. (*Morrison* v. *Lods*, 39 Cal. 381; *Jackson* v. *Norton,* 6 id. 187; *Purdy* v. *Bullard*, 41 id. 444; *Truebody* v. *Jacobson*, 2 id. 287; *Fletcher* v. *Mower*, No. 6,258, not reported.)

Section 3306 of the Civil Code, relied on by counsel for the appellant, only declares the *measure of damages* caused by the breach of an agreement to convey an interest in real property. "The detriment," says the statute, "is deemed to be the price paid, the expenses properly incurred in examining the title and

preparing the necessary papers, with interest thereon; but, adding thereto, in case of bad faith, the difference between the price to be paid and the value of the estate agreed to be conveyed, at the time of the breach, and the expenses properly incurred in preparing to enter upon the land."

But, before an action can be maintained to recover this detriment, the plaintiff must have been evicted, or have voluntarily surrendered, or offered to surrender possession. He cannot, as already observed, hold on to the property, and at the same time recover back what he paid.

The judgment and order are affirmed.

MORRISON, C. J., and McKINSTRY, J., concurred.